

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,839

**EX PARTE REYNALDO ROBERTO ESPARZA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2005CRN166-D3(A) IN THE 341ST JUDICIAL DISTRICT COURT FROM WEBB COUNTY

*Per curiam.*

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of murder, two counts of aggravated kidnapping, and two counts of engaging in organized criminal activity and was sentenced to ninety-nine years' imprisonment.

Applicant contends that he was denied the right to appeal his conviction because his trial counsel failed to timely file a notice of appeal. Although Applicant timely expressed his desire to appeal, trial counsel did not withdraw and appellate counsel was not appointed until after the

appellate deadline had passed. Although appellate counsel filed a notice of appeal, Applicant's appeal was dismissed as untimely. *Esparza v. State*, No. 04-05-00922-CR (Tex. App. – San Antonio, January 25, 2006).

The habeas record indicates that trial counsel failed to timely file a notice of appeal. Although counsel states in an affidavit that it was his understanding that Applicant's family would retain appellate counsel, he did not move to withdraw from the representation until after the appellate deadline had passed, and he did not file a notice of appeal or a motion for a new trial. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2005CRN166-D3(A) from the 341st Judicial District Court of Webb County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: August 22, 2012
Do Not Publish